IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SMARTWATCH MOBILECONCEPTS, LLC.,**<br>       Plaintiff,<br><br>v.<br><br>**EPSON AMERICA, INC.,**<br>       Defendant | **Civil Action No. 6:23-cv-00397**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

SmartWatch Mobileconcepts LLC ("Plaintiff" or "Smartwatch") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. US 10,362,480 ("the '480 patent") (referred to as the "Patent-in-Suit") by Epson America, Inc. ("Defendant" or "Epson").

**I.   THE PARTIES**

1. Plaintiff is a Texas Limited Liability Corporation with its principal place of business located in Travis County, Texas.

2. On information and belief, Defendant is a California Corporation with a principal address of 3131 Katella Ave, Los Alamitos, CA 90720 and has regular and established places of business throughout this District as evidenced by Defendant employing personnel in the Western District of Texas with atleast 11 employees including a Strategic Account Manager, Inside Sales Rep, Director, Sales Support Specialist, District Sales Manager, Business Development Manager and a Sales Representative in particular in San Antonio and Austin. *See,* https://www.linkedin.com/company/epson-america-inc-/people/?facetGeoRegion=102748797%

1

2C90000064 and https://www.linkedin.com/company/epson-america-inc-/people/?facetGeoRegion=90000724. On information and belief Defendant provides business equipment such as computers, printers, and Defendant's business software to its personel in the Western District of Texas, at least in the homes of Defendant's employees. On information and belief Defendant has established places of business throughout this District through partnership with national resellers. *See*, https://epson.com/point-of-sale-partners. Defendant's national reseller partner TouchMate USA has locations in this district including at least at 7703 North Lamar Blvd, Suite 100 Austin, TX 78752. *See*, https://touchmateusa.com/. Defendant is registered to do business in this judicial district, and can be served with process through their registered agent, United States Corp. Co., 211 E. 7th Street, Suite 620, Austin, TX, 78701, at its place of business, or anywhere else it may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum,

directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

**III. INFRINGEMENT - Infringement of the '480 Patent**

6. On July 23 2019, U.S. Patent No. 10,362,480 ("the '480 patent", included as Exhibit - A and part of this complaint) entitled "Systems, methods and apparatuses for enabling wearable device user access to secured electronics systems" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '480 patent by assignment.

7. The '480 patent relates to to system, methods, and apparatuses for enabling wearable device user access to secured electronic systems.

8. Defendant maintains, operates, and administers systems, products, and services that enables a wearable device to access secured electronic systems that infringes one or more of claims 1-9 of the '480 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '480 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and

continues to do so, on how to use its products and services (e.g., to make a system, methods, and apparatuses to enable a wearable device to access secured electronic systems) such as to cause infringement of one or more of claims 1-9 of the '480 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '480 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g to make a communication apparatus for providing an indication about a missed call) and related such as to cause infringement of one or more of claims 1-9 of the '480 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '480 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '480 patent.

### IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '480 patent;

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 24, 2023         Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643

wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for SmartWatch Mobileconcepts LLC*